UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL J. SMITH,

                    Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

Case No. 3:14-cv-05116-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff has brought this matter for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

      On January 20, 2011, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications he became disabled beginning February 21, 2009. See ECF #10, Administrative Record ("AR") 14. Both applications were denied upon initial administrative review on March 31, 2011, and on reconsideration on August

ORDER - 1

12, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on August 23, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 33-65.

In a decision dated October 15, 2012, the ALJ determined plaintiff to be not disabled. See AR 14-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 13, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481. On February 11, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3. The administrative record was filed with the Court on May 7, 2014. See ECF #10. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the opinion evidence from Guillermo Rubio, M.D., Mary Lemberg, Ph.D., Michael L. Brown, Ph.D., and Gary Gaffield, D.O.; (2) in finding none of plaintiff's impairments met or medically equaled a listed impairment at step three of the Commissioner's sequential disability evaluation process[1]; (3) in discounting plaintiff's credibility; (4) in assessing plaintiff's residual functional capacity; and (5) in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy at step five of the evaluation process. In addition, plaintiff argues remand for further administrative proceedings is warranted

---

[1] The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step three of that process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal the criteria of any of those set forth in 20 C.F. R. Part 404, Subpart P, Appendix 1 (the "Listings"). See id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

ORDER - 2

based on additional evidence submitted for the first time to this Court.[2] For the reasons set forth below the Court agrees the ALJ erred in evaluating the opinion evidence from Dr. Lemberg and Dr. Brown, and thus in assessing plaintiff's residual functional capacity and in finding him to be capable of performing other jobs at step five of the sequential disability evaluation process. Also for the reasons set forth below, however, while the Court therefore finds defendant's decision to deny benefits should be reversed on this basis, this matter instead should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported

---

[2] Plaintiff also argues the ALJ erred at step four of the sequential disability evaluation process – which concerns the ability to perform past relevant work – but the Court assumes this is an editorial error on plaintiff's part, as the ALJ actually found in his favor at this step, and there is no actual discussion of the issue in plaintiff's opening brief. See AR 25; ECF #14, pp. 19-23.

ORDER - 3

by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [3]

I.       The ALJ's Evaluation of the Opinion Evidence from Dr. Lemberg and Dr. Brown

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this

---

[3] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 4

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."

ORDER - 5

1  Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

2        In regard to the opinion evidence from Dr. Lemberg, the ALJ found as follows:

> The undersigned gives little weight to the opinion of Dr. Lemberg, who found the claimant is capable of managing his own funds (13F/6). He can perform simple and repetitive tasks as well as detailed and complex tasks (13F/6). She found he would have great difficulty adapting to new environments (13F[/]7). He would have no difficulty accepting instructions from supervisors, but would have great difficulty interacting with coworkers and the general public (13F[/]7). She concluded the claimant's depression would significantly impair his ability to perform work activities and he would have great difficulty dealing with the usual stress encountered in a work environment (E13F[/]7). She assessed him with a GAF score of 40[4] (13F[/]6). The undersigned gives little weight to Dr. Lemberg's opinion because she overstates the claimant's limitations. Her examination reflected his claims that were not medically based. At the time, the claimant was not just unmotivated, but opposed to physical therapy. Her assessment that the claimant was unmotivated was inaccurate when the rest of the record she did not have access to is considered.

A 24. Plaintiff argues the ALJ gave insufficient reasons for finding that Dr. Lemberg overstated the functional limitations she found. The Court agrees. First, the mental status examination Dr. Lemberg performed contains findings that certainly could potentially support some or all of the limitations she assessed, and Dr. Lemberg expressly stated her opinion was based at least in part on those findings. See AR 1078-81; Clester v. Apfel, 70 F.Supp.2d 985, 990 (S.D. Iowa 1999) ("The results of a mental status examination provide the basis for a diagnostic impression of a psychiatric disorder, just as the results of a physical examination provide the basis for the diagnosis of a physical illness or injury."). Second, it is not at all clear what the ALJ meant in stating plaintiff's claims "were not medically based" (AR 24), given that the ALJ himself found plaintiff had "severe" medically determinable mental impairments at step two of the sequential

---

[4] A GAF, or global assessment of functioning, score is "a subjective determination based on a scale of 100 to 1 of 'the [mental health] clinician's judgment of [a claimant's] overall level of functioning.'" Pisciotta v. Astrue, 500 F.3d 1074, 1076 n.1 (10th Cir. 2007) (quoting Diagnostic and Statistical Manual of Mental Disorders (Text Revision 4th ed. 2000) at 34). "A GAF score of 31-40 indicates some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking or mood." White v. Commissioner of Social Sec., 572 F.3d 272, 276 (6th Cir. 2009) (quoting Edwards v. Barnhart, 383 F.Supp.2d 920, 924 n. 1 (E.D.Mich. 2005)).

ORDER - 6

disability evaluation process.[5] See AR 16.

It also is not clear how being unmotivated to pursue physical therapy on plaintiff's part discredits Dr. Lemberg's opinion concerning his mental functional limitations. And to the extent the ALJ discounted that opinion on the basis of Dr. Lemberg's own assessment that plaintiff was unmotivated, the Court finds error here as well, as Dr. Lemberg did not appear to actually make such an assessment or base her opinion on plaintiff's admitted lack of motivation, but instead seems to have merely recorded what plaintiff told her with respect thereto. See AR 1076. Lastly, the ALJ indicates she also discounted Dr. Lemberg's opinion in light of the remainder of the record, but does not discuss at all how it fails to support that opinion. See Garrison v. Colvin, 759 F.3d 995, 1012-13 (9th Cir. 2014) (ALJ errs in rejecting medical opinion "while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion") (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir.1996)); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

Plaintiff challenges as well the ALJ's following additional findings regarding the medical opinion evidence in the record:

> The undersigned also gives great weight to the opinion of State agency psychological consultant Michael Brown, Ph.D.[,] who found the claimant has the ability to maintain concentration, persistence and pace for unskilled, semiskilled and some less complex tasks (7A[/]10). He should avoid frequent contact with the public (7A[/]10). The undersigned gives significant weight to Dr. Brown's opinion because he had the opportunity to review the claimant's medical records. His opinion is also largely consistent with the objective medical evidence in the claimant's file and the claimant's own statements regarding his abilities. The undersigned only additionally limited the claimant to give him the benefit of the doubt regarding the severity of his impairments.

AR 24. Specifically, plaintiff argues that here too the ALJ's reasons for relying on the opinion of

---

[5] At step two, the ALJ must determine if an impairment is "severe" based on "medical evidence alone."" 20 C.F.R. § 404.1520, § 416.920; Social Security Ruling ("SSR") 85-28, 1985 WL 56856 *4.

ORDER - 7

Dr. Brown were insufficient. The Court again agrees. First, given the ALJ's errors in rejecting the opinion evidence from Dr. Lemberg, it can hardly be said that Dr. Brown's assessment is largely consistent with the objective findings in the record concerning plaintiff's mental functional limitations. Second, the ALJ fails to give any indication as to the statements plaintiff made that were found to be consistent with Dr. Brown's opinion. As such, here too the ALJ erred in evaluating the medical opinion evidence of record.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id. It thus is what the claimant "can still do despite his or her limitations." Id.

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform light work . . . except he can stand/walk for less than two hours in an eight-hour workday. He can occasionally climb, balance,**

ORDER - 8

**stoop, kneel, crouch and crawl. He can work positions that do not require exposure to walking on irregular surfaces, vibrations or obstacles in his pathway. He can perform low stress positions consisting of simple routine tasks that do not require public contact and only superficial interaction with coworkers. He can perform positions that do not require changes in the work environment.**

AR 18 (emphasis in original). Plaintiff argues, and the Court agrees, that in light of the ALJ's errors in evaluating the medical opinion evidence from Dr. Lemberg – as well as that from Dr. Brown – the above RFC assessment cannot be said to be supported by substantial evidence at this time.  Accordingly, the Court finds for that reason that here too the ALJ erred.

III.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987); Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

ORDER - 9

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 53-54. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See AR 54. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 26-27. But because as discussed above the ALJ erred in evaluating the medical opinion evidence from Drs. Lemberg and Brown and in assessing plaintiff's RFC, the ALJ's step five determination also cannot be said at this time to be supported by substantial evidence and therefore cannot be upheld.

IV.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

ORDER - 10

before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence concerning plaintiff's mental functional limitations, and thus in regard to his RFC and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.[6]

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 3rd day of October, 2014.

Karen L. Strombom
United States Magistrate Judge

---

[6] Because this matter is being remanded based on the evidence that was before the ALJ, it is not necessary to address the additional evidence plaintiff submitted to this Court with his briefing, though of course the Commissioner is free to consider that evidence as well on remand.

ORDER - 11